**LI XIU ZHENG, Petitioner,**

v.

**Eric H. HOLDER Jr.,\* United States Attorney General, Respondent.**

Nos. 08–0983–ag (L), 08–1800–ag (Con).

United States Court of Appeals, Second Circuit.

Feb. 27, 2009.

Vlad Kuzmin, Kuzmin & Associates, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Lindsay B. Glauner, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Li Xiu Zheng, a native and citizen of the People's Republic of China, seeks review of a March 17, 2008 order of the BIA affirming the January 24, 2006 decision of Immigration Judge ("IJ") Barbara A. Nelson denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li Xiu Zheng,* No. A98 718 636 (B.I.A. March 17, 2008), *aff'g* No. A98 718 636 (Immig. Ct. N.Y. City Jan. 24, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 523 (2d Cir.2007). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See Passi v. Mukasey,* 535 F.3d 98, 101 (2d Cir.2008).

 The agency properly concluded that Zheng failed to establish that she suffered past persecution. The only harm Zheng alleged was two fines imposed by Chinese authorities and an unfulfilled threat to report her to the Public Security Bureau for failing to pay the fine. This does not rise to the level of persecution. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006); *Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 70 (2d Cir.2002).

 Moreover, the agency properly found that Zheng failed to establish a well-founded fear of future persecution, as she failed to demonstrate that she would face any consequences for selling Falun Gong DVDs or for failing to pay the fine imposed by the Chinese government. While the IJ acknowledged that the record indicates that Falun Gong practitioners are brutally repressed, she properly found that Zheng does not claim to be a Falun Gong practitioner. Zheng has submitted no evidence to demonstrate that she would be persecuted for her past actions or for failing to pay the fine that was purportedly levied against her. Without making such a showing, we cannot conclude that the agency erred in finding that she failed to establish a well-founded fear of persecution. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (finding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best"). Finally, Zheng's failure to show the objective likelihood of persecution needed to make out an asylum claim necessarily precludes her from meeting the higher standard required to succeed on her claims for withholding of removal and CAT relief, where all three claims were based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.